RELIABLE TRANSFER CO., INC.,
Plaintiff-Appellee and
Cross-Appellant,

v.

UNITED STATES of America, Defendant-Appellant and Cross-Appellee.

Nos. 540, 803, Dockets 73–1513, 73–2325.

Sept. Term, 1973

United States Court of Appeals,
Second Circuit.

Submitted June 18, 1975.

Decided July 31, 1975.

---

**1382**

Herbert B. Halberg, New York City (Krisel, Beck & Halberg, New York City, on the brief), for plaintiff-appellee and cross-appellant Reliable Transfer Co., Inc.

Janis G. Schulmeisters, Atty., Admir. & Ship. Section, Dept. of Justice, New York City (Harlington Wood, Jr., Asst. Atty. Gen., Washington, D.C., Robert A. Morse, U.S. Atty., Brooklyn, N.Y., and Gilbert S. Fleischer, Atty. in Charge, Admir. & Ship. Section, Dept. of Justice, New York City, on the brief), for defendant-appellant and cross-appellee United States.

Before LUMBARD, FRIENDLY and TIMBERS, Circuit Judges.

PER CURIAM:

The Supreme Court, in its opinion of May 19, 1975, 421 U.S. 397 vacated our judgment of May 23, 1974, 497 F.2d 1036, and remanded the case to us for further proceedings consistent with the opinion of the Supreme Court.

In our earlier opinion, we affirmed a judgment entered February 13, 1973 in the Eastern District of New York, Orrin G. Judd, *District Judge,* which held (1) that the stranding of the tanker, the Mary A. Whalen, on a jetty near the Rockaway Point breakwater on the evening of December 23, 1968 was caused 25% by the negligence of the United States (the Coast Guard) in its failure properly to maintain the breakwater light and 75% by the negligence of the vessel in making a U-turn in a dangerous channel when her captain knew that the breakwater light was not operating; and (2) that, under then controlling law which required equal division of property damages in admiralty where both parties were at fault, plaintiff vessel owner was entitled to recover $54,270.83, which was one-half of the $108,541.66 damages it had sustained. No costs were allowed on the cross-appeals in our Court.

Only the United States petitioned for certiorari, which was granted. 419 U.S. 1018. The sole issue presented was whether the admiralty rule of equally divided damages should be replaced by the rule of damages in proportion to fault.

Since the vessel owner did not cross-petition for certiorari, the findings of the district court and of our Court with respect to the proportion of comparative negligence between the parties were not open to review by the Supreme Court, and it expressly so held. 421 U.S. at 401 n.2.

On the sole issue presented, the Supreme Court overruled the century old admiralty rule of equal division of property damages and held, to the extent here applicable, that liability for the damages resulting from the stranding of the Mary A. Whalen should be allocated among the parties proportionately to the comparative degree of their fault. The Supreme Court thus put its imprimatur on the views of our late colleague, Judge Learned Hand, expressed for many years, frequently in dissent. See *Ulster Oil Transport Corp. v. The Matton No. 20,* 210 F.2d 106, 110 (2 Cir. 1954); *National Bulk Carriers, Inc. v. United States,* 183 F.2d 405, 410 (2 Cir.), *cert. denied,* 340 U.S. 865 (1950); *Oriental Trading & Transp. Co. v. Gulf Oil Corp.,* 173 F.2d 108, 111 (2 Cir.), *cert. denied,* 337 U.S. 919 (1949).

Pursuant to the Supreme Court's remand, we entered an order on June 18, 1975 vacating our judgment of May 23, 1974. We now remand the case to the district court with instructions to modify its judgment by providing that plaintiff vessel owner shall recover 25% of the damages it sustained. No costs in this Court.

Remanded with instructions.